UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV 3796

JUDGE PRESKA

**COMPLAINT**

MAY 1 5 2007

                              Plaintiffs,

           -against-

GLOBAL INTERIORS, INC.,

                              Defendant.
------------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1. This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Global Interiors, Inc. ("Employer").

**JURISDICTION**

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.  Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.  At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.  The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.  Upon information and belief defendant Global Interiors, Inc. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 157 Walsh Road, Yonkers, NY 10701.

8.  The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## **FIRST CLAIM FOR RELIEF**

9. Defendant, Global Interiors, Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 1997. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 2, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Global Interiors, Inc. had failed to make contributions due to the Benefit Funds for the period April 1, 2004 through February 14, 2006, in the principal amount of $898,883.26.

14. The arbitrator also found that Global Interiors, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, Global Interiors, Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Global Interiors, Inc. in the principal amount of $898,883.26, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
May 14, 2007

_____
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

```
-----------------------------------------X
```
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,             OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council                 AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,                   AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees
                             (Funds)

    -and-

GLOBAL INTERIORS, INC.
                           (Employer)
```
-----------------------------------------X
```
BEFORE: Robert Herzog, Esq.


    GLOBAL INTERIORS, INC. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements (hereinafter referred to as the "International Agreements"), dated July 1997 and thereafter. The Building Contractors Association, Inc. and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements (hereinafter referred to as the "BCA Agreements"), dated July 1, 2001 and thereafter. GLOBAL

1

INTERIORS, INC. is a member of the Building Contractors Association, Inc. and has agreed to be bound by the terms and conditions of the BCA Agreements. The International Agreements and the BCA Agreements, collectively referred to as the "Collective Bargaining Agreements" or the "Agreements," provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a February 2, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of April 1, 2004 through February 14, 2006 as required by the Collective Bargaining Agreements.

A Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on February 23, 2007 at 3:10 pm and again on February 28, 2007 at 9:13 am. The Employer failed to heed the

2

notices and the postal service declared the envelope to be unclaimed and so marked the envelope on March 8, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On March 28, 2007, at the place and time designated by the February 17, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:
- During the April 1, 2004 through February 14, 2006 period, the Employer was bound to the International Agreements with the United Brotherhood of Carpenters and Joiners of America and to the BCA Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Omar Giordani, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of April 1, 2004 through February 14, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Giordani's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Funds requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees,

4

arbitration and court costs as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. GLOBAL INTERIORS, INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements;

2. GLOBAL INTERIORS, INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

    | | |
    |---|---:|
    | Principal Due | $638,754.36 |
    | Interest Due | 110,540.58 |
    | Liquidated Damages | 137,041.19 |
    | Late Payment Interest | 7,931.77 |
    | Promotional Fund | 1,765.36 |
    | Court Costs | 350.00 |
    | Audit Costs | 500.00 |
    | Attorney's Fee | 1,500.00 |
    | Arbitrator's Fee | 500.00 |
    | TOTAL | $898,883.26 |

3. GLOBAL INTERIORS, INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of eight hundred ninety-eight thousand eight hundred eighty-three dollars and

5

twenty-six cents ($898,883.26) with interest to accrue at the rate of 10% from the date of this Award.

Dated: April 2, 2007

_____
Robert Herzog
Arbitrator

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: April 2, 2007

_____
Robert Herzog
Arbitrator

To: GLOBAL INTERIORS, INC.
    Attn: Mike Maher, President
    157 Walsh Road
    Yonkers, New York 10701

    GLOBAL INTERIORS, INC.
    Attn: Mike Maher, President
    359 Washington Street
    Tappan, New York 10983-2616

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014