```
-----------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,          OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council             AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,             AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees
                        (Funds)

    -and-

GLOBAL INTERIORS, INC.
                        (Employer)
-----------------------------------------X
BEFORE: Robert Herzog, Esq.
```

GLOBAL INTERIORS, INC. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements (hereinafter referred to as the "International Agreements"), dated July 1997 and thereafter. The Building Contractors Association, Inc. and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements (hereinafter referred to as the "BCA Agreements"), dated July 1, 2001 and thereafter. GLOBAL

1

INTERIORS, INC. is a member of the Building Contractors Association, Inc. and has agreed to be bound by the terms and conditions of the BCA Agreements.  The International Agreements and the BCA Agreements, collectively referred to as the "Collective Bargaining Agreements" or the "Agreements," provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds").  The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator.  In accordance therewith, the Funds, by a February 2, 2007 Notice of Intention to Arbitrate, demanded arbitration.  The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of April 1, 2004 through February 14, 2006 as required by the Collective Bargaining Agreements.

A Notice of Hearing was sent to the Employer by regular and certified mail.  The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer.  The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed."  United States Postal Service records indicate that notice of certified mail was left with the Employer on February 23, 2007 at 3:10 pm and again on February 28, 2007 at 9:13 am.  The Employer failed to heed the

notices and the postal service declared the envelope to be unclaimed and so marked the envelope on March 8, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On March 28, 2007, at the place and time designated by the February 17, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:
- During the April 1, 2004 through February 14, 2006 period, the Employer was bound to the International Agreements with the United Brotherhood of Carpenters and Joiners of America and to the BCA Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

3

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.
- The Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Omar Giordani, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of April 1, 2004 through February 14, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Giordani's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Funds requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees,

arbitration and court costs as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. GLOBAL INTERIORS, INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements;

2. GLOBAL INTERIORS, INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

   | | |
   |---|---:|
   | Principal Due | $638,754.36 |
   | Interest Due | 110,540.58 |
   | Liquidated Damages | 137,041.19 |
   | Late Payment Interest | 7,931.77 |
   | Promotional Fund | 1,765.36 |
   | Court Costs | 350.00 |
   | Audit Costs | 500.00 |
   | Attorney's Fee | 1,500.00 |
   | Arbitrator's Fee | 500.00 |
   | TOTAL | $898,883.26 |

3. GLOBAL INTERIORS, INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of eight hundred ninety-eight thousand eight hundred eighty-three dollars and

5

twenty-six cents ($898,883.26) with interest to accrue at the rate of 10% from the date of this Award.

Dated: April 2, 2007

_____
Robert Herzog
Arbitrator

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: April 2, 2007

_____
Robert Herzog
Arbitrator

To:   GLOBAL INTERIORS, INC.
      Attn: Mike Maher, President
      157 Walsh Road
      Yonkers, New York 10701

      GLOBAL INTERIORS, INC.
      Attn: Mike Maher, President
      359 Washington Street
      Tappan, New York 10983-2616

      Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014